UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANNING ARCHITECTS, APAC                              CIVIL ACTION

VERSUS                                                NO: 06-7254

CNA INSURANCE CO., ET AL.                             SECTION: "K"(3)

### ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 5) and the Motion for Summary Judgment (Rec.Doc.No. 6) of Defendant Insurance Underwrites, Ltd. ("Underwriters"). Defendants removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Underwriters, is improperly joined. Defendants maintain that action against Underwriters is perempted by Louisiana Revised Statutes, § 9:5606. The same peremption argument is raised in Underwriters' Motion for Summary Judgment.

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. This Court held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *See Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006)

(misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage).

Plaintiffs bring this suit seeking proceeds under the policy's business interruption coverage. The policy was issued in 1993, and suit was not filed until well over a year after issuance of the policy. The Petition alleges, "Defendant Underwriters did not secure coverage as Manning requested it to do, and further did not fully explain the coverage, limitations and exclusions of the Policy..." *See* Notice of Compliance, Petition, at ¶ LV (Rec.Doc.No. 2). Clearly, these allegations relate to procurement of the policy, and any misrepresentation could not be justifiably relied upon given the clear language in the policy with regard to the business interruption coverage.

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy.

The Court also finds that because any claims against it are perempted, Defendant Underwriters is improperly joined in this action, and with their dismissal, the Court can exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete diversity among the parties. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment of Defendant Underwriters (Rec.Doc.No. 6) is **GRANTED** and Defendant Underwriters is **DISMISSED**.

New Orleans, Louisiana, on this  18th  day of December, 2006.

                                              **STANWOOD R. DUVAL, JR.**
                                   **UNITED STATES DISTRICT COURT JUDGE**