UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MANNING ARCHITECTS, APAC**                          **CIVIL ACTION**

**VERSUS**                                                          **NO: 06-7254**

**CNA INSURANCE CO., ET AL.**                      **SECTION: "K"(3)**

## ORDER

Before the Court is the Motion to Dismiss and/or Motion for Summary Judgment (Rec.Doc.No. 22) filed by Defendants Hagan, Streiff, Newton & Oshiro, Accountants, P.C. ("Hagan Strieff") and Christopher Dailey, wherein they allege that the action against them should be dismissed pending resolution of the matter by a public accountant review panel. Plaintiffs oppose the motion contending that Hagan Strieff and Mr. Dailey does not have a right to bring the claim before the panel because they are Texas accountants and do not get protections afforded under Louisiana law. After reviewing the pleadings, memoranda, and relevant law, the Court hereby denies Defendants motion for the reasons that follow.

The Louisiana Accountancy Act provides that any negligence action against a public accountant must be brought before the public accountant review panel. LA. REV. STAT. ANN. § 37:71, *et seq*. Specifically, the Act provides the following:

> All claims against certified public accountants or firms, other than claims validly agreed for submission to a lawfully biding arbitration procedure, shall be reviewed by a public accountant review panel established pursuant to R.S. 37:109.

LA. REV. STAT. ANN. § 37:109.

The Act has a substantial equivalency section, which states the following:

> An individual whose principal place of business is not in this state having a valid active certificate or license as a certified public accountant from any state which the board or its designee has not verified to be in substantial equivalence with the licensure requirements of this Part shall be presumed to have qualifications substantially equivalent to this state's requirements and shall have all the privileges of active certificate holders and licensees of this state without the need to obtain the certificate or permit required by this Part, if such individual obtains from the board or its designee verification that such individual's CPA qualifications are substantially equivalent to the CPA licensure requirements required by this Part. However, such individuals shall notify the board of their intent to exercise the privilege afforded by this Section and pay any fee required by the board.

LA. REV. STAT. ANN. § 37:94 (A)(2).

Defendants are certified public accountants in Texas, and this does not necessarily preclude them from the protections of the Act. Certainly, they are entitled to the presumption granted in La.R.S. § 37:94(A)(2). Of course the Defendants must seek verification from the Board, if they wish to bring Plaintiff's action before a review panel. Thus, the Court will consider administratively closing the case upon proof of verification that the Defendants have a right to obtain a ruling from the CPA review panal. The matter will then be closed until such time that the panel issues its ruling and the appropriate motion to reopen the case is filed by any of the parties.

**IT IS ORDERED** that the Defendants Motion to Dismiss (Rec.Doc.No. 8) is **DENIED**.

New Orleans, Louisiana, on this  16th  day of April, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**